## R. W. MURRAY *v.* W. H. WEBB.

**Set-off and Counterclaim—Subjects of.**

A defense which does not grow out of the transaction set forth in the petition, and is not in any way connected with the subject of the action, can not be a counterclaim.

**Set-off and Counterclaim—Breach of Condition in Deed.**

The breach of a condition contained in a deed, which is wholly disconnected from the original sale of the land, can be used, if at all, only as a set-off.

**Set-off and Counterclaim—Liquidated Damages.**

A claim for liquidated damages can not be the subject of a set-off unless upon the ground that the party against whom it is asserted is a non-resident, or is insolvent.

**Evidence—Burden of Proof.**

Where defendant sets up a breach of condition in a deed as a set-off, the burden is on him to show with reasonable certainty the amount he should receive.

APPEAL FROM BRECKENRIDGE CIRCUIT COURT.

December 11, 1872.

OPINION BY JUDGE LINDSAY:

The defense relied on in this case is in the nature of a set-off. It does not grow out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, nor is it in any way connected with the subject of the action; hence it can not be regarded as a counterclaim. Sec. 127, Civil Code.

The breach of the condition contained in the deed from Murray to Webb is totally disconnected from the original sale of the land by Webb to Murray, and if the defense can be maintained at all it must be as a set-off.

The claim is for unliquidated damages, and can not be made the subject of a set-off, unless upon the ground that the party against whom it is asserted is a non-resident or is insolvent. *Shropshire v. Conrad,* 2 Metcalfe 143.

The demurrer to the answer should have been sustained, but aside from this the facts of the case are for the appellee.

Before the sale of the land by Webb to White and Satterfield they could have rendered the lane valueless to appellant by closing. that portion entirely on their land, and thereby as effectually preventing him from reaching the public road by that route, as was done by entirely closing it.

Besides, admitting appellant's right to recover on his set-off, the proof does not show with any degree of certainty the amount of damage sustained. No witness makes an estimate of such amount, nor are the facts and circumstances touching the inconvenience to which he has been subjected set out with sufficient clearness to enable the court even to approximate the amount he ought to recover.

The onus was on him not only to establish his right to a recovery, but to show with reasonable certainty the amount he should receive.

Judgment *affirmed.*

*Kincheloe & Eskridge, for appellant.*

*Sweeney & Stewart, R. H. Bowner, for appellee.*